CONNOLLY *v.* CONNOLLY.

*Divorce and alimony—Modification of decree—Alimony allowance and for support of children—Changed condition of parties.*

1. An allowance for alimony fixed by agreement and carried into the decree of court is not subject to modification by a subsequent decree because of changed conditions of the parties.
2. An allowance for support and maintenance of children is always subject to modification to conform with changed conditions.

(Decided February 13, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. E. T. Brown*, for plaintiff in error.
*Mr. A. L. Luebbers* and *Mr. Wm. Thorndyke*, for defendant in error.

BY THE COURT. This case comes into this court on error to the court of common pleas of Hamilton county, division of domestic relations.

Plaintiff in error, plaintiff below, filed an action, No. 172282, for alimony against the defendant in error, and a decree was entered allowing forty dollars per month for alimony and support of children.

Later the defendant in error instituted an action for divorce. Plaintiff in error filed an answer and cross-petition asking for divorce and a modification of the decree for alimony and maintenance of children, rendered in the prior case. The ground alleged for a modification of the decree was the changed condition of the parties. Defendant in error withdrew his petition for divorce, and, on hearing, the court granted the divorce to plaintiff in error on her cross-petition, but refused to modify the decree for alimony. Evidence was introduced attempting to show changed conditions, and the question of modification could have been properly considered on the cross-petition, in the same manner as if a separate suit had been filed or a motion made in the original alimony action.

The only defense presented was that the original decree in so far as it referred to alimony was fixed by the agreement of the parties, and therefore, could not be modified.

The decree in case No. 172282 finds that "plaintiff is entitled to alimony as prayed for," and later provides that "John Connolly, is ordered to pay through this court to the plaintiff the sum of forty ($40) dollars per month  *  *  *  for the support and maintenance of said minor children." It further provides: "The above amount of forty ($40) dollars per month is in full for all claims of the plaintiff against the defendant for alimony and support of said children, provided, however, that the court at any time may discharge the defendant from the payment of the above amount or any part thereof, to all of which the plaintiff and defendant agrees."

If this judgment was solely a judgment for ali-

mony to the wife, and did not include maintenance and support for children, it could not be changed by subsequent decree, as the amount for alimony and maintenance was agreed upon and this agreement was carried into the decree.

It is contended by defendant in error that the only way the question could have been raised was by motion in the original alimony suit. It might either be raised in that suit by motion, or by a new action filed for that purpose.

The cross-petition on which the divorce case was tried was an action between the same parties and properly raised the question, since all of the facts and the existing circumstances were before the court. The cross-petition sets forth allegations of changed conditions and prays, among other things, for the following relief: "That she be granted and adjudged such sufficient alimony, for the proper support of herself, and said minor children, and their education as may be just."

There was a motion filed before the final hearing asking for an increase of alimony, which the court properly overruled, as it had been fixed by agreement and carried into the decree in cause No. 172282. The cross-petition, however, did ask for a modification of the order in the former action for support of herself and children. The court in the final hearing should have passed upon the question as to the support of the children, but, as definitely shown by the decree, did not do so, for the reason that he considered this question settled in the other case.

We do not make any finding as to whether or not the evidence showed such a change in conditions as to warrant any increase for the support and maintenance of the children, but the trial court should

have considered and determined this question, since the question of maintenance of children is always subject to modification. For this reason, the cause is remanded with instructions to the trial court to determine the question of maintenance, as above set forth.

*Judgment accordingly.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.