### KETTENRING *v.* KETTENRING.

(Decided April 2, 1928.)

*Mr. T. T. Shaw,* and *Messrs. Marshall, Melhorn, Marlar & Martin,* for plaintiff in error.

*Mr. James Harrington Boyd,* for defendant in error.

RICHARDS, J. The original action in the court of common pleas of Lucas county was commenced by Julia A. Kettenring, defendant in error here, to recover a judgment for an amount claimed to be due her as alimony awarded her by the court of common pleas of Defiance county, then past due and unpaid. The case was tried to the court and resulted in a judgment in her favor in the amount of $10,125. The court further found the cash surrender value of a certain insurance policy on the life of Charles H. Kettenring in the Union Central Life Insurance Company, which was a party defendant in the trial court, and that value, amounting to $5,116.93, was, by agreement of the parties, paid into court.

Many reasons are urged why the judgment should be reversed.

In order to understand the issues in this case it will be necessary to state with some detail the facts disclosed by the record. From the record it appears that Charles H. Kettenring commenced an action

for divorce from Julia A. Kettenring in the court of common pleas of Defiance county, and that a judgment was rendered in that case on May 14, 1915, finding that he was entitled to a divorce from her. During the pendency of that action the parties made a written contract relating to alimony, subject to the approval of the court. That contract provided that Charles H. Kettenring was to pay to Julia A. Kettenring and their minor child, Frances, as alimony, $2,100 per annum in equal monthly installments, beginning on June 1, 1915, and continuing until the death of Charles H. Kettenring. The contract further provided that if, during any year, his gross income should amount to $10,000, then the sum to be paid to her yearly should be increased to the sum of $2,500, and if his gross annual income should exceed $10,000, then the annual sum payable to her should be increased at the rate of $100 for each $2,000 of additional gross income above $10,000, up to the maximum of $3,500 per year. The written agreement between the parties further provided that, for the purpose of ascertaining what the gross income of Kettenring was, the court of common pleas of Defiance county should appoint a competent, disinterested accountant, who should ascertain the facts and make his report to the court as a basis for fixing the amount of increased alimony to be paid. The agreement also provided for an additional amount of $6,000, to be paid to the wife in cash, and that the stipulations should be executed in triplicate, one copy to be filed in the case in the court of common pleas and to have the judgment of the court approving and confirming the same.

The record discloses that the court of common

pleas of Defiance county did, upon consideration, approve and confirm the contract relating to alimony, and did order and adjudge that the payments should be made accordingly, and the provisions of the contract thereupon became a part of the judgment of the court of common pleas of Defiance county. The terms of the judgment of that court are such that the amount of $2,100 per annum, payable in monthly installments of $175, is not only unconditionally fixed by the judgment of the court, but, having been made in pursuance of the contract of the parties, is not subject to modification after term in the absence of fraud or mistake. *Gilbert* v. *Gilbert,* 83 Ohio St., 265, 94 N. E., 421, 35 L. R. A. (N. S.), 521; *Meister* v. *Day,* 20 Ohio App., 224, 151 N. E., 786; *Law* v. *Law,* 64 Ohio St., 369, 60 N. E., 560.

The remaining part of the alimony, if any, depending upon the income received by Kettenring, would be variable in amount, and, by the stipulations of the parties, and the order of the court, was subject to be thereafter fixed by the court of common pleas of Defiance county in accordance with the facts to be ascertained in that court.

It is earnestly contended by counsel for plaintiff in error, Charles H. Kettenring, that the court of common pleas of Lucas county had no jurisdiction of the subject-matter of this action by reason of the fact that the amount of alimony was to depend upon an adjudication to be made by the court of common pleas of another county. So far as the claim to recover any increased alimony to which the wife might be entitled beyond the $2,100 per year, and as to which the court of common pleas of Defiance

county retained jurisdiction, that contention is well taken, but so far as the right to recover what may be called the straight alimony of $2,100 per annum that amount was absolutely fixed by agreement of the parties and the judgment of the court, and was not subject to change, and we see no reason why an action would not lie to recover accrued and unpaid amounts under the judgment for such sums.

Of the amount of $5,116.93 paid into court by the insurance company, by agreement of the parties, the sum of $3,125 has been used to pay the straight alimony due Julia A. Kettenring at the rate of $2,100 per year. The difference between the amount of $10,125, adjudged against the defendant below, and the amount so paid to her, under the order of the common pleas court, represents the amount of increased alimony awarded by reason of the claimed increased income of the defendant. The evidence in the case utterly fails to show that the defendant has been in receipt of any such income as would justify an allowance by way of alimony for any sum exceeding the minimum amount of $2,100 per year, and, in addition to this fact, the agreement of the parties and the order of the court of common pleas of Defiance county provide the method by which, and the jurisdiction in which, the facts should be ascertained. Neither under the facts disclosed by the record, nor under the law applicable to the case, was the common pleas court of Lucas county justified in awarding any amount in excess of such sum as was due and unpaid by reason of the fixed allowance of $2,100 per year. In so far as the judgment awards any more than the amount of such unpaid alimony, the judgment is manifestly and clearly against the weight of the evidence.

The defendant in error has filed a cross-petition in error, but the court finds that she is entitled to no relief thereunder.

For the reasons given, the judgment will be reversed, except as to the amount of alimony payable to defendant in error under the judgment of $2,100 per year, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed and cause remanded.*

WILLIAMS and LLOYD, JJ., concur.