## MABEL JONES v FRED JONES

Ohio Appeals, 8th Dist, Cuyahoga Co
No 9960. Decided Nov 11, 1929

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for Mabel Jones.

Kees, Marvin & Godfrie, Cleveland, for Fred Jones.

VICKERY, PJ.

Two questions are raised and one only is of importance. One was the question of the changed condition. There is some evidence in the record to show that the husband at the time of the entry of the decree in question was making a large salary as Manager or President of his company and that subsequently the Company went into bankruptcy and that he was not making so much money as he was at the time of the original action. This, however, is disputed, and it is alleged and, I believe, proven, that before the modification of the decree by the agreement of the parties was made, the husband's company had already gone into bankruptcy; and there is some evidence to the effect that the wife was at the time of this motion making quite a substantial sum of money herself, I believe the sum of $600 per month or $150 per week, but she was a vaudeville performer and it was her first, and so far as appears, it may be her last engagement. Her age is such that she surely could not hold the vaudeville stage very long. This might have influenced the court, however, in making his order of modification.

But there is a more serious question than this. The decree that was modified was undoubtedly based upon an **agreement** of the parties and that agreement was upon a sufficient and valid consideration which the husband received and, so far as we know, still has, and the decree was based upon this agreement only, it having modified a much larger decree nearly twice as much as the court had made in favor of the wife before.

Now the contention of the plaintiff in error is that the Common Pleas Court had no authority or right to modify a decree that was entered upon the agreement of the parties; that it was a contract between contracting parties and that the court could not and did not have the power to modify such an agreement. In other words, the parties having made their agreement, the court could not unmake it or make a different one. This seems to be borne out by the authorities in Ohio.

Judge George Phillips, the father of the

present Judge Phillips of the Common Pleas Court, one of the ablest Judges that ever sat upon our Common Pleas Bench, in a well considered case, **Sargent vs. Sargent, 80 N. S. 238,** decided this very question.

. This is exactly the point to be decided in this case and Judge Phillips in his opinion only followed a long line of authorities in Ohio upon this proposition.

See **Law vs. Law, 64 OS. 349**

**Sponseller vs. Sponseller, 110 OS. 396.**

In **Connolly vs. Conolly, 16 O. App. 92,** decided Feb. 13th, 1922, the Cincinnati Court of Appeals held exactly as Judge Phillips in the Sargent case, supra.

There seems to be an unbroken line of authorities in Ohio upon this proposition and counsel for defendant in error has not been able to point out a single case in Ohio where a different rule has been adopted. In fact he relies for his authority upon a note appended to the case of Dickey vs. Dickey, 56 A. L. R. 634, (Maryland Court of Appeals, 1928) the first paragraph of this case reading as follows:

"An agreement between husband and wife for weekly alimony to extend beyond the husband's death, may be incorporated in a decree of divorce, and cannot be subsequently changed by the court."

The note in 58 A. L. R. further cites the above referred to case of Conolly vs. Conolly, supra. So the cases referred to the note in the 58th A. L. R. do not bear out the contention of the defendant in error, and so we can say that there has not been a single case that has been cited to us to sustain the contention of the defendant in error that would authorize the finding of the Common Pleas Court in the instant case. Therefore, it is apparent that the Common Pleas Court erred in granting the motion to modify and the judgment of the Common Pleas Court will, therefore, be reversed for the reason that it had no authority to modify or change the judgment that was based upon the agreement of the parties and simply carried into the journal entry.

Sullivan and Levine, JJ., concur.