### FOLZ v FOLZ

Ohio Appeals, 1st Dist, Hamilton Co

No 4049.   Decided Feb 15, 1932

Charles F. Hornberger, Cincinnati, for plaintiff in error.

Roy Manogue, Cincinnati, and James

Lewis Homer, Galion, for defendant in error.

HAMILTON, J.

The first point of error stressed by the plaintiff in error is, that the court committed error in refusing to admit evidence offered by Mrs. Folz, tending to prove that the decree for alimony of July 17, 1923 was entered by agreement of the parties, and, being so made, the decree is not subject to modification, the agreement having been carried into the decree.

It is the law that an agreement between the parties for alimony, at the time of the divorce, if carried into the decree, is not subject to modification.

It is also the law that oral evidence is permissible to prove such an agreement, and that the agreement was carried into the decree. This was decided in the case of Marklein v Marklein, being Hamilton County Court of Appeals case No. 1144, decided February 11, 1918. In the Marklein case the trial court had excluded evidence offered to prove the alimony was by agreement, and carried into the decree. The court in the Marklein case, speaking through Judge Gorman, said:

"We are of opinion that the court below erred in refusing to permit counsel for Flora Marklein, plaintiff in error, to show that the amount of the alimony was agreed upon between herself and her husband."

The court in the Marklein case cited **Olney v Watts, 43 Oh St, 499,** in which such evidence was held to be admissible.

Reverting to the decree entered on the 17th day of July, 1923, which may be referred to as the original decree, we find this language: "Said sum of $100.00 per month to be continued until the re-marriage of the said plaintiff or death, **or until the further order of this court."**

While, as heretofore stated, evidence would be admissible to prove the agreement and that that agreement was carried into the decree, the proof would have to show that the agreement was to pay $100 per month **"until the further order of this court."**

The phrase "until the further order of this court" is a part of the decree, and must be considered a part of the agreement. The situation then is that the decree, if by agreement, reserves to the court this right to make further order in a proper proceeding. Any other conclusion would impeach the decree, which may not be done on a motion to **modify.**

There was, therefore, no prejudicial error in excluding the evidence offered by Emma Folz, plaintiff in error here.

It is claimed on behalf of the plaintiff in error that the court abused its discretion on reducing the amount of alimony from $100 to $50 per month under the proof adduced by her.

It is claimed by defendant in error in the cross-petition in error that the court abused its discretion in not reducing the alimony payments further, claiming that the evidence required a further reduction.

There was evidence offered from which the court could make the reduction, and there was evidence justifying the $50 per month allowance.

The amount and the value of the property owned by the defendant in error was in dispute. The evidence disclosed sufficient change of conditions to warrant the court in modifying the decree.

Upon the whole, we are of opinion that the court did not abuse its discretion in modifying the decree as it did.

Some questions are argued relative to the power of the court to make the orders it did in the original decree concerning dower rights. These questions are not pertinent in

this proceeding and are, therefore, not considered.

The judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.