FERGER *v.* FERGER.

(Decided January 8, 1934.)

*Mr. John Weld Peck* and *Mr. Robert N. Gorman,* for plaintiff in error.

*Messrs. Nichols, Morrill, Wood, Marx & Ginter,* for defendant in error.

Ross, J. This is a proceeding in error from the court of common pleas of Hamilton county, division of domestic relations. The plaintiff in error, Roger H. Ferger, seeks to reverse a judgment of that court refusing to hear evidence upon an application of the plaintiff in error to reduce and modify a former judgment of the court, covering alimony for the support of a child of the parties to the original proceeding.

A motion to cite for contempt was dismissed. No question is raised as to this action.

The original decree for divorce recited: "By agreement of the parties, the defendant is to pay to the plaintiff, as and for alimony, and for the support of said child, the sum of Seventy-five ($75.00) Dollars per week and, subject to the payment thereof, the plaintiff is barred of any right or claim of any kind against the property now owned or hereafter acquired by said defendant. In the event the plaintiff should re-marry, this agreement in regard to the payment of alimony and for the support of said child, shall be modified, and if the parties cannot agree upon a modification then either party may apply to this court for an order in regard to the payment of alimony and for the support of said child, and jurisdiction is hereby sustained to such extent."

The simple question presented is: Was the court justified in refusing to hear evidence upon such application to *reduce* the alimony payments for the support of the child?

It is plain we think that the original judgment for alimony was wholly based upon the agreement. It is conceded that as to the wife the provisions of such an agreement cannot be later modified by the court. *Hassaurek* v. *Markbreit, Admr.*, 68 Ohio St., 554, 67 N. E., 1066. It is claimed that this rule is not applicable to alimony for the support of a child, and we are cited to *Corbett* v. *Corbett*, 123 Ohio St., 76, 174 N. E., 10. This

case is authority only to the the extent that such an agreement may be modified by an *increase* in the amount of alimony for the support of the child.

All the cases noted indicate that there is no authority to modify the agreement by *reducing* the alimony for the support of a child. *Kettering* v. *Kettering,* 29 Ohio App., 62, 163 N. E., 43; *Law* v. *Law,* 64 Ohio St., 369, 60 N. E., 560; *Petersine* v. *Thomas,* 28 Ohio St., 596. Where the alimony is fixed by decree only, and not by agreement, the rule is otherwise.

It is our conclusion that the court committed no error in refusing to hear evidence upon an issue over which he had no further control.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.