## ROBERTSON v ROBERTSON

Ohio Appeals, 2nd Dist, Franklin Co

No 2594. Decided March 28, 1936

Charles R. Dolle, Columbus, for plaintiff in error.

·Ralph H. Henney, Columbus, for defendant in error.

## OPINION

By BODEY, J.

Error is here prosecuted from a judgment of the Common Pleas Court of Franklin County, Division of Domestic Relations. The parties appear in this court as they did below and will be referred to as they appeared in the lower court.

On March 6, 1934, the plaintiff was granted a decree of divorce upon her petition. No pleadings were filed by the defendant nor did the defendant appear at the hearing. As a part of its decree of divorce the lower court used this language:

"It is further ordered that a separation agreement entered into between the parties hereto under date of March 12th, 1934, be made a part of this decree."

No other reference is made in this entry to an allowance of alimony to the wife nor is any reference made to the child of the parties nor to its custody nor its support. The separation agreement to which reference is made in the decree is not attached to the decree nor is it copied therein.

On July 10, 1935, the plaintiff filed in the same case in the lower court a pleading styled 'supplemental petition.' In this so-called supplemental petition she is named as plaintiff and Harry Robertson and Dispatch Printing Company are named as defendants. The latter defendant was not a party to the original action. In this sup-plemental pleading the plaintiff alleges that she was granted a decree of divorce and that prior to the entry of the decree she had entered into an agreement in writing with the defendant, Harry Robertson, in which he agreed to pay her the sum of one dollar per day during a period of one year and in which he further agreed to help purchase clothing for a minor child; that the agreement was made a part of the divorce decree and that a copy thereof is attached to the pleading; that the defendant, Harry Robertson, has failed and refused to pay the sum of one dollar per day and to help purchase clothing for said child and has breached the terms of the contract; that there is due on said agreement the sum of $365.00 and in addition thereto a sum to help purchase clothing for the child; that said defendant is employed by the defendant, Dispatch Printing Company, and has money due to him from said company which he will draw and squander so as to defeat plaintiff of her rights unless restrained by the court's order; and that the Dispatch Printing Company is a necessary party and will pay to its co-defendant his wages unless restrained by the court. The plaintiff then prays that the Dispatch Printing Company be made a party defendant, for the issue of a restraining order against it, that the defendant, Harry Robertson, be restrained from drawing his wages, that the amount due plaintiff on said contract be found and determined, that the Dispatch Printing Company be ordered to pay the wages due Harry Robertson into court, and that the court order said money so paid into court to be turned over to plaintiff to apply upon the amount found due her under the terms of said contract. As already stated a copy of the separation agreement is attached to the. supplemental petition and it provides in part as follows:

"That the husband shall pay the wife as and for the support of said child the sum of one ($1.00) dollar per day, during the period of one year, next ensuing. Husband further agrees to help purchase all clothing for the minor child, Harry Eugene Robertson, until said child shall become eighteen years of age."

On the same date that this supplemental petition was filed the court made the Dispatch Printing Company a party defendant and issued a temporary restraining order for service upon both the Printing Company and Harry Robertson as prayed for in the petition.

On the next day defendant, Harry Robertson, moved the court "to set aside and hold as 'naught the temporary restraining order entered in the above entitled cause on the 19th day of July, 1935, for the reason that the court was without jurisdiction to enter the same."

Thereafter, to-wit, on August 8, 1935, this motion of the defendant, Harry Robertson, was submitted to the court and upon consideration thereof the court found same to be well taken. In the entry sustaining such motion the court ordered that the Dispatch Printing Company be dismissed as a party defendant herein and that the restraining order issued against it be dissolved. And in the same entry the court sua sponte dismissed the supplemental petition at the plaintiff's cost. Exceptions were saved by the plaintiff.

The present proceeding in error seeks to reverse this order of the court entered on the motion of the defendant, Harry Robertson, to set aside and hold for naught the temporary restraining order theretofore by it issued.

It is the office of a supplemental petition to bring before the court facts which are material to the cause of action set forth in the petition in the first instance, which facts have occurred subsequent to the filing of the original petition. The filing of such a petition is authorized by §11368, GC. The rule concerning the filing of a supplemental petition is well stated in Volume 31, Ohio Jurisprudence, 911, §316, in the following language:

"This does not, however, authorize the paintiff to file a supplemental petition after final judgment has been rendered on the original petition, even for the purpose of vacating, reversing, or modifying such judgment; and since an action is supported by facts existing at the time it was begun a supplemental petition can not be used to show the subsequent accrual of facts the existence of which is necessary to a complete cause of action."

In view of this language we must conclude that the plaintiff had no right to file a supplemental petition in this case because she had already prosecuted the cause of action set out in the original petition to a conclusion.

The sections of our Code also preclude the plaintiff from bringing in a new defendant after the case has been finally concluded. The sections governing revivor and making of new parties to judgments will be found in §§11644 to 11652 GC, inclusive. An examination of this chapter conclusively shows that the Dispatch Printing Company could not be made a party in this old divorce case by the filing of a supplemental petition after the decree of divorce had been granted.

Counsel for plaintiff argued orally and by brief that the style of the pleading does not govern, and that his client is entitled to relief if the pleading is one which could be filed in the proceeding. In other words, counsel argue that the court would be justified in construing this supplemental petition as a motion. We are inclined to agree with this contention and we would be disposed to make application of it in this case if the court in awarding alimony and making the separation agreement a part of its decree had retained the right to modify or vacate the order at some future date. However, the court did not retain jurisdiction of the award which it made by approving the separation agreement. For that reason the court had no power in the future to alter or change the agreement which the parties had made.

In the case of Meister v Day, 20 Oh Ap, 224, (3 Abs 394) the court held that a party who was awarded alimony in a divorce proceeding payable in installments, upon default, could have filed a motion for modification or a petition for modification in the same court which rendered the decree. The court in this decision holds that a party, upon default in payment of installments of alimony, which have been made payable until further order of the court, may file a motion in the original proceedings for a modification of award and that the court may then reduce the unpaid installments to a lump sum. The same result could be accomplished by the filing of an independent proceeding in the same court. However, it is also well settled that unless the trial court has retained jurisdiction in itself to modify or change an order by it made for the payment of alimony, it does not have the right to modify or change that order in the future. This point is considered in the case of Kettenring v Kettenring, 29 Oh Ap, 62 (6 Abs 722). In that case the court held that,

"Judgment, in divorce action, unconditionally fixing amount of alimony and method of payment pursuant to contract of parties executed during pendency of the action, is not subject to modification after term in the absence of fraud or mistake.

Where amount of alimony was obsolutely fixed by agreement of parties and judgment of court and was not subject to change, Court of Common Pleas of another county had jurisdiction of action to recover accrued and unpaid amounts of judgment therefor."

The court in effect holds that a contract of separation embodying the payment of alimony is an ordinary contract and is governed by the general law of contracts. Such being the case, the rights of the parties are fixed by the written instrument which they entered into and jurisdiction to render judgment for unpaid installments under said contract is lodged in any court which has jurisdiction of the subject matter and of the parties.

The contract in the case at bar fixes absolutely the payment of the sum of one dollar per day for a period of one year to the plaintiff for the support of this child. ·We know of no rule of law which would prevent the plaintiff from going into any court of record having jurisdiction in amount and suing directly upon this contract for any balance remaining unpaid thereon. However, we are of opinion that she may not ask the lower court, which rendered the decree of divorce, to modify or alter the terms of that contract by reducing to a lump sum the amount of unpaid installments thereon. If we could so hold, we would treat this supplemental petition as a motion to modify. Being of the opinion that the order of the trial ██ court may not be modified and that the trial court had no jurisdiction to reduce unpaid installments to a lump sum, it must necessarily follow that the supplemental petition can not be treated as a motion for that purpose.

Although the plaintiff may not in our opinion seek the aid of the trial court in this former proceeding to aid her directly in the collection of any unpaid installments due her, she may resort to the institution of proceedings in contempt against the defendant if the facts and the evidence warrant. Contempt always lies for the wilful failure to comply with or abide by the order of the court. With the thought in mind that this supplemental petition might be held to be a complaint in contempt, we have further examined the same. It seems to us, however, that if we should hold this pleading to be a complaint or a motion in contempt we would be placing too liberal a construction thereon. Contempt proceed-

ings are quasi-criminal in their nature. A defendant hailed before a court for a wilful violation of its orders should have a proper complaint filed against him. We are, therefore, not disposed to treat this supplemental petition as such a complaint.

In our judgment the court erred in permitting the filing of this supplemental petition in the first instance. It likewise erred in making the Dispatch Printing Company a party defendant and in issuing the temporary restraining orders. These errors were cured when the trial court sustained the motion of the defendant, Harry Robertson, to dismiss the restraining order as against him and when it of its own motion dismissed the supplemental petition.

We have examined all of the errors set forth in plaintiff's petition. We do not find that error in any of the particulars assigned has intervened to the prejudice ·of the plaintiff. The judgment of the trial court will, therefore, be affirmed.

Exceptions.

HORNBECK, J, concurs.
BARNES, PJ, concurs in judgment.