*215 OPINION.
Hakron:
The sole question is whether in the taxable years petitioner is taxable on all or any part of the income of the so-called alimony trust created by him for the benefit of his divorced wife, Maud L. Lucas. On his income tax returns for the taxable years petitioner did not include in gross income any part of the income of the trust. On the statement attached to the deficiency notice respondent determined that the income of the trust should be included in the petitioner’s gross income in the taxable years.
A taxpayer is taxable on the amounts distributed to his divorced wife under a so-called alimony trust which is “merely security for a continuing obligation of the taxpayer to support his divorced wife.” Douglas v. Willcuts, 296 U. S. 1. However, a taxpayer is not taxable on the amounts distributed to his divorced wife under a so-called alimony trust where local law and the trust have given the taxpayer “pro tanto a full discharge from his duty to support his divorced wife and leave no continuing obligation, contingent or otherwise.” Hel *216 vering v. Fuller, 310 U. S. 69. The taxpayer has the “burden, of establishing not by mere inference and conjecture but by ‘clear and convincing proof’ that local law and the alimony trust have given him a full discharge.” Helvering v. Fitch, 309 U. S. 149; Helvering v. Leonard, 310 U. S. 80.
In our opinion petitioner has established by clear and convincing proof that the law of Ohio (the local law) and the so-called alimony trust have given him a full discharge from his duty to support his divorced wife. The so-called alimony trust was created by petitioner in accordance with the separation agreement entered into between him and Maud L. Lucas. In the separation agreement Maud L. Lucas released petitioner “from all obligation of future support” and agreed that the sums paid to her and for her benefit were to be “in full satisfaction and settlement ■ of all claims and demands for alimony.” In the divorce decree the Court of Common Pleas affirmed the separation agreement (to,which was attached a copy of the so-called alimony trust agreement) and ordered that the agreement was to “stand in lieu of any decree for alimony prayed for by petitioner.” The Ohio court retained no power to modify the divorce decree. Under Ohio law “where the terms of a decree as to alimony are fixed by the court pursuant to an agreement of the parties they are not subject to modification.” Law v. Law, 64 Ohio St. 369; 60 N. E. 560.[1] In his brief respondent does not contend otherwise. No power to modify the divorce decree was reserved in the decree or in the agreement affirmed by the decree. Cf. Helvering v. Fuller, supra. Furthermore, petitioner did not “underwrite the principal or income from the trust or make any commitments, contingent or otherwise, respecting them.” Compare Helvering v. Fuller, supra, with Douglas v. Willcuts, supra, and Helvering v. Leonard, supra. Moreover, petitioner irrevocably alienated the trust corpus and retained no participation in the trust income. Cf. Douglas v. Willcuts, supra; Helvering v. Fitch, supra. The conclusion is inescapable that the law of Ohio and the so-called alimony trust have given petitioner “a full discharge from his duty to support his divorced wife and leave no continuing obligation, contingent or otherwise.” Helvering v. Fuller, supra.
In his brief respondent contends that petitioner has failed to establish that Ohio law and the so-called alimony trust have given him a full discharge, because under Ohio law the divorce decree of the Court of Common Pleas was appealable. This contention is *217 without merit. Under Ohio law decrees of the Court of Common Pleas are appealable to the Court of Appeals (Ohio Constitution, art. IV, sec. 6) and appeals to the Court of Appeals must be perfected within twenty days after entry of the decree (Ohio General Code, sec. 12223-7). The divorce decree of the Court of Common Pleas was entered on October 29, 1925. The parties have stipulated that the divorce decree has not been “vacated, overruled, revised or modified, and is in full force and effect.” It is clear that in the taxable years the divorce decree was not appealable.
Accordingly, it is held that in the taxable years petitioner is not taxable on any of the income of the so-called alimony trust. Helvering v. Fuller, supra.

Decision will be entered wnder Bule 50.

 See also Petersine v. Thomas, 28 Ohio St. 596; Olney v. Watts, 43 Ohio St. 499; Julier v. Julier, 62 Ohio St. 99; 56 N. E. 661; Hassaurek v. Markbreit, 68 Ohio St. 554; 67 N. E. 1066; Connolly v. Connolly, 16 Ohio App. 92; Kettenring v. Kettenring, 29 Ohio App. 62; 163 N. E. 43; Folz v. Folz, 42 Ohio App. 135; 181 N. E. 658; Sargent v. Sargent, 11 Ohio Dec. 218; 8 N. P. 238; Jones v. Jones, 31 Ohio L. R. 253; Heimberger v. Joseph, 55 Fed. (2d) 171.