Haet, J.
 

 The question to be determined is: Did the Common Pleas Court have jurisdiction to reduce the amount theretofore decreed by the court to be paid by the father for the support of his minor child, when the court entering such decree in a divorce action between the parents incorporated therein the terms of a written contract of separation theretofore entered into between such parents effecting a complete property settlement and providing for the payment of specific amounts for a specified time by the father for the support and maintenance of the minor child, the retention of such jurisdiction for such purpose not being pro
 
 *190
 
 vided for either by the agreement or the order of the court?
 

 The answer must be found in the application of the statutes, the character and validity of the contract between the parties for the support of their minor child, and the nature and character of the judgment of the court in making that contract a part of its decree.
 

 Section 7997, General Code, provides that “The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.” Section 8000, General Code, provides that husband and wife may by contract agree upon an immediate separation and make provisions for the support of their children during the separation.
 

 The contract in such case does not exonerate either parent from his or her ultimate duty to support his or her minor child. A father may contract to maintain his child and the mother may exact security for the performance of such contract to protect herself from further obligation to the extent of the father’s contribution. But each must see that the child does not suffer for support, and must protect the public from the expense of supporting such child. The duty in this regard is personal and continuing and cannot be discharged by any contract with the other parent. This duty must be discharged in any event, but if the obligee is obliged to provide such support he may compel reimbursement from the obligor to the extent of the contract obligation.
 
 Bowen
 
 v.
 
 State,
 
 56 Ohio St., 235, 239, 46 N. E., 708. However, if the amount agreed upon in any contract of settlement between the parties for the support of their minor children is insufficient for that purpose, the court may require the payment of additional sums, notwithstanding the contract.
 

 The contract of separation between the parties in this case was complete and final as between themselves and likewise final as to the support of their minor child
 
 *191
 
 so far as
 
 they
 
 could make it final under the law. The appellant had a legal right to make a contract with the appellee for her permanent support and for the support of their minor child. She had the right to make such contract for the support of the child, not only in its behalf but in her own behalf to protect herself against her secondary liability under the statute for the support of their child. The consideration for such contract was adequate and complete and the contract was mutually and permanently binding on both parties. Apparently, all that she received as a result of the contract, other than indemnity against her secondary liability for the support of the child, was the household goods belonging to the parties. She waived and surrendered all permanent right of support guaranteed by the statute to herself. She also permanently waived every possible right which she might have in any present or future property or estate of her husband and discharged him from every claim of every kind whatsoever except as provided by the contract. These were absolute and complete surrenders which she could not reclaim and which no court could or would set aside so long as the contract was carried out by the appellee.
 
 Hoagland
 
 v.
 
 Hoagland,
 
 113 Ohio St., 228, 148 N. E., 585. Apparently, she made these surrenders in lieu of the provisions contained in the contract for the benefit of her child. These surrenders of right on her part were confirmed by the decree of the court and are now being enjoyed and will be permanently enjoyed by the appellee who makes no offer to restore them or place her
 
 in statu quo
 
 when he asks the court to modify and lessen his contractual obligation to support his minor child. He proposes to repudiate the obligation and at the same time retain the consideration through which the obligation arose. From a purely contractual standpoint no court should, under the law, grant the relief sought by the appellee.
 

 The appellee claims that in an action for divorce and
 
 *192
 
 alimony between the parents of minor children, the court may enter a permanent or final decree as to alimony or division of property rights between the husband and wife, but that as to minor children, the court has continuing jurisdiction and may from time to time modify its decree as to their support, depending upon the changed conditions and circumstances of the parent responsible for such support; and that even where such contract has been made a part of the divorce decree, the allowance so made is not conclusive and final but may be increased or
 
 diminished
 
 by the court as public policy may dictate or circumstances may warrant.
 

 This court has frequently held that where a decree of divorce provides for the support of minor children of the divorced parents, the jurisdiction of the court is continuing in character and no express reservation in the decree itself is necessary to support such continuing jurisdiction.
 
 Corbett
 
 v.
 
 Corbett,
 
 123 Ohio St., 76, 174 N. E., 10.
 

 This court has also held that even though such a contract has been made a part of the decree of divorce, yet because of the continuing jurisdiction of the court and because of the demands of public policy, the court may subsequently
 
 increase
 
 the support allowance for children if changed circumstances require it, since a parent cannot by his own contract relieve himself of the legal obligation to support his minor children. 14 Ohio Jurisprudence, 546, Section 141. In the case of
 
 Corbett
 
 v.
 
 Corbett, supra,
 
 the wife sought to have the amount allowed her for the support of her two minor children increased and this court held that the lack of a reservation of jurisdiction in the original decree did not deprive the trial court of continuing jurisdiction, and affirmed a judgment
 
 increasing
 
 the allowance for the support of minor children.
 

 The appellee insists, however, and is supported in such insistence by the Court of Appeals, that this court
 
 *193
 
 has, in the case of
 
 Newkirk v. Newkirk,
 
 129 Ohio St., 543, 196 N. E., 146, decided May 15, 1935, committed itself to the proposition that the court, notwithstanding its original decree approving the contract of the parties providing for the support of their minor child, may reduce the amount of such support provided for in such contract. That case was disposed of by a
 
 per curiam
 
 opinion on the authority of the case
 
 Corbett
 
 v.
 
 Corbett, supra.
 
 An examination of the latter case discloses that it is no authority for the doctrine that the court may reduce the amount of support below that fixed in a contract, but is authority for the position that the court may
 
 increase
 
 the allowance. Furthermore, from an examination of the record in the
 
 Newkirk case,
 
 it is by no means certain that the exact question here raised was then before this court. There was in that case a serious dispute in the testimony as to whether there was any actual contract between the parties as to the support of their minor children. The trial court speaking through its decree as journalized refers to no contract, makes no contract a part of the decree, but provides for the support of such children without reference to any contract.
 

 The Court of Appeals in the
 
 Newkirk case
 
 took the position that since there was a contract the Court of Common Pleas had no right to reduce the allowance for support, and entered the judgment which it considered the Common Pleas Court should have entered. While the record in that case in this court does not indicate the ground of reversal of the judgment of the Court of Appeals, this court was justified in such reversal and in the affirmance of the Common Pleas Court because the latter court made no finding as to any contract and did not make any contract a part of its decree, in which event it was at liberty to modify its original decree by reducing the amount of support for the minor child.
 

 
 *194
 
 This court, so far as it has heretofore specifically spoken on this subject, and the Courts of Appeals of the state generally, have held that when the trial court adopts as a part of its decree the contract of the parents of minor children providing for the support of such minor children, the obligor of such contract cannot escape such obligation as a minimum requirement under the law; that the obligee, the other contracting parent, and the minor children, are entitled to the full performance of such provision for support as a minimum requirement; and that the court has no jurisdiction to abate or reduce the contract provisions for such support.
 
 Law
 
 v.
 
 Law,
 
 64 Ohio St., 369, 60 N. E., 560;
 
 Kettenring
 
 v.
 
 Kettenring,
 
 29 Ohio App., 62, 163 N. E., 43;
 
 Campbell
 
 v.
 
 Campbell,
 
 46 Ohio App., 197, 188 N. E., 300, motion to certify overruled October 11, 1933;
 
 Ferger
 
 v.
 
 Ferger,
 
 46 Ohio App., 558, 189 N. E., 665, motion to certify overruled March 28, 1934.
 

 Such a contract is binding between the parents entering into it as fixing their mutual obligation for the support of their minor children, and the courts should not modify such contractual obligations. The parties having made an agreement specifically permitted and authorized by the statute, the court may not unmake that contract or make a new one for them. To do so would, in the opinion of the court, constitute an impairment of the obligation of contract. The statute, however, becomes a part of the contract, and if the contract allowance is inadequate the court may, notwithstanding the contract, make an adequate allowance.
 

 The fact that the parent agreeing to make payments for the support of his minor child, finds such payments onerous and difficult to make because of changed circumstances, does not give him a legal right to repudiate the contract upon any claim that it is void, illegal or bpposed to public policy. Especially is this true, when, as before stated, he has received full and adequate con
 
 *195
 
 sideration for his promise, which consideration he still retains and enjoys.
 

 The judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner and Wildtams, JJ., concur.
 

 Zimmerman, J., dissents.
 

 Matthias and Bettman, JJ., not participating.