Weygandt, C. J.
The single question here presented is whether the trial court possesses jurisdiction to hear and determine the defendant’s motion to modify the support order.
The plaintiff relies on the decision of this court in *518 the case of Tullis v. Tullis, 138 Ohio St., 187, 34 N. E. (2d), 212, the syllabus of which reads as follows:
“A. decree in a divorce action, unconditionally fixing the amount and method of payment by the husband for the support of a minor child pursuant to and in accordance with a previous contract of separation between the husband and wife providing for complete property settlement and support to their minor child, which contract is specifically approved by the court and made a part of the decree, may not, in the absence of fraud or mistake, be subsequently modified by the court so as to lessen the amount of support for such minor child.”
One difficulty with the plaintiff’s contention is that in the Tullís case, supra, the decree “unconditionally” fixed the amount of the support order, and there was no provision that this was effective “until further order of this court.”
In the instant case there is no unconditional order. In the decree it is expressly provided in unambiguous language that the “defendant pay to the plaintiff for the support of said minors the sum of thirty-five dollars ($35) per week until further order of this court/' (Italics supplied.) But the plaintiff insists that this clear reservation of jurisdiction is meaningless for the reason that in another part of the decree the court impliedly restricted its future jurisdiction by providing, as did the agreement, that it “reserves jurisdiction in this cause for the purpose of compelling either party to perform the agreement or any part thereof on his or her part to be performed.” However, the single fact that the court expressly reserved jurisdiction as to one feature of the case would in no way preclude the court from also reserving jurisdiction as to other features. Here the trial court did exactly that. It reserved jurisdiction not only for the purpose of enforcing any part of the agreement and or *519 der but also for the further important purpose of controlling the amount of support to be paid by the defendant for the support of the children. There was reason for this. The three children were of tender ages — sis, eight and ten years. It was impossible to foresee their uncertain needs during the remaining fairly long period of their minority. Hence, in the decree the trial judge wisely left a number of details to future determination. The support order was simply for $35 per week until further order. According to the agreement the defendant was to pay $35 per week for the support of the children “until they respectively reach the age of twenty-one years, or sooner die or marry. ’ ’ But nothing was said in either the decree or the agreement as to the amount to be paid when there are but two or when there is but one left to be supported.
The trial court has the jurisdiction and the' duty to hear the defendant’s motion and determine whether the support order now should be reduced, increased or permitted to remain at the present figure, depending especially on the welfare of the small children who unfortunately are denied the much-needed opportunity for a home with both parents as their companions.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Middleton, Matthias and Hart, JJ., concur.
Zimmerman, Stewart and Taft, JJ., concur specially.