**MILLER, Plaintiff, v. MILLER, Defendant.**

Common Pleas Court, Meigs County.

No. 12318. Decided October 6, 1958.

## OPINION

By BACON, J.

Plaintiff husband and defendant wife were divorced by decree of this court filed November 1955. One child was born to the union, Judy, then 10 years of age. In addition to granting defendant a divorce and custody of the child, the decree approved a contract between the parties and ordered that each party perform the obligations imposed upon them in said agreement.

Under this contract defendant wife got all of the real estate of the parties, their household furnishings and equipment, a Pontiac automobile, ½ of the husband's holdings in a bowling alley (face value of her acquisition, $250.00), all their life insurance which plaintiff was to keep in force, defendant to become beneficiary, consisting of 5 policies, plaintiff was required to pay an $800.00 note to defendant and $300.00 note to the child, the defendant's attorney fees, and, most pertinent to this opinion, Item 7 provided as follows:

"The Husband agrees to and shall pay to the wife, as reasonable alimony and as support for said minor child, the sum of Thirty-five Dollars ($35.00) per week."

There was only one provision for the benefit of plaintiff, Item 2, under which defendant renounced all claim to any of the assets of plaintiff's radio and television business, and a Buick automobile. The indebtedness against these assets is not known to the court at this time. Assets of his business listed for personal tax purposes were $5,269.00 in 1954, and $5,400.00 in 1958. Plaintiff has not paid the 1957 tax and is delinquent.

The divorce decree does not reiterate any of the provisions of the contract save as to custody provisions reaffirming that plaintiff visit his child only at the home of defendant, and save as to that obligation of

the contract which imposes alimony and support upon plaintiff, reading as follows as to such alimony and support:

"It is further ordered, adjudged and decreed by the court that the plaintiff, Harry A. Miller, pay to the defendant, Edna Mae Miller, as and for reasonable alimony and for the support of said minor child, the sum of Thirty-five Dollars, ($35.00), per week, payable on Saturday of each and every week hereafter. Said sum to be paid by the plaintiff to the Clerk of Courts of this County, who is hereby appointed as trustee to receive and expend the same."

In August 1958 plaintiff filed a motion for modification of the decree, averring his financial status has deteriorated and he can no longer pay the sum of $35.00 weekly as alimony and support. Defendant moves his motion be dismissed, relying on the case of Tullis v. Tullis, 138 Oh St 187, 20 O. O. 237, 34 N. E. 2d 212.

In that case the estranged parties contracted, one of the provisions fixing the monthly sums the husband was to pay as support for a child, which contract was incorporated in the decree of divorce. There likewise the wife moved to dismiss the husband's motion for modification on the ground that the decree was based upon the contract of the parties. Her motion was granted. The court of appeals reversed, but were in turn reversed by the Ohio Supreme Court and the common pleas court affirmed. The sums ordered in the Tullis case and the sum ordered in the instant case are similar. Tullis was to pay under his contract and the decree $100.00 monthly until his child was 12, then $125.00 monthly until his child was 15, then $150.00 monthly until his child was of age. The husband, Miller, in the instant case, under his contract and decree must pay $35.00 weekly, which averages a little better than $140.00 per month. His child is now 13 years of age.

The syllabus of Tullis v. Tullis, supra, is as follows:

"A decree in a divorce action, unconditionally fixing the amount and method of payment by the husband for the support of a minor child pursuant to and in accordance with a previous contract of separation between the husband and wife providing for complete property settlement and support to their minor child, which contract is specifically approved by the court and made a part of the decree, may not, in the absence of fraud or mistake be subsequently modified by the court so as to lessen the amount of support for such minor child."

The opinion was concurred by a bare majority of the court, Judge Zimmerman dissenting, and two others not participating. The decision appears unpopular. In virtually every decision in this field since, Ohio courts have attempted to distinguish their cases on the facts from those of the Tullis case that they may arrive at a different result. As Judge Zimmerman pointed out in his dissent, the weight of authority is otherwise, on the reasoning that the contractual character of the agreement disappears through absorbtion in the decree. Judge Taft of the Ohio Supreme Court in Lowman v. Lowman, 166 Oh St 1, 1 O. O. 2d 152, 139 N. E. 2d 1, said, ". . . it is not now apparent whether this court would follow the decision in Tullis v. Tullis," and in concurring in Seitz v. Seitz, 156 Oh St 516, 46 O. O. 423, 103 N. E. 2d 741, said, "I believe, there-

fore, that the decision being rendered in the instant case does overrule Tullis v. Tullis." Nevertheless, in the Seitz case the supreme court was content merely to distinguish it, so that the rule of Tullis v. Tullis still prevails in Ohio.

It will be noted that there is this important difference between the Tullis case and the instant case: Tullis contracted that his monthly payments were solely for the support of his child. Miller contracted for weekly payments in a fixed sum which was for both alimony and support. The parties failed and the decree failed to define what portion of the $35.00 weekly was for alimony and what portion was for child support. Understanding, therefore, that the rule of the Tullis case, though unpopular, is still the law of Ohio in regard to child support upon its facts, this court examined the Ohio authorities concerning alimony. The Ohio Supreme Court has also spoken on alimony contracted for and incorporated as an unconditional order in a divorce decree, very firmly. The syllabus of **Law v. Law, 64 Oh St 369, 60 N. E.** 560, 45 Wkly Law Bull. 364, reads as follows:

"A divorce being decreed for the aggression of the husband, and alimony being adjudged to the wife in accordance with an agreement of the parties, the terms of the decree as to alimony are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by the former husband after the term at which the original decree was made."

The facts of the Law case are significant. The supreme court in its syllabus refers to "alimony," but the decree of divorce entered by the common pleas court includes the following:

"It is further ordered and decreed that the said defendant pay as alimony to said plaintiff, annually, the sum of $3,000, payable in monthly installments of $250 each, the first installment to be paid on the first day of August, 1889, and out of which said sum the said plaintiff is to support said Edith, maintain and educate her.

"It is further ordered and decreed that in case the said plaintiff shall marry, the alimony herein provided and ordered to be paid to her, shall cease from and after said marriage, but the said defendant shall continue to pay to said plaintiff, for the maintenance, support and education of said child, Edith B. Law, the sum of $1,500 annually, payable in monthly installments of $125 each, and the same shall continue so long as the said Edith B. Law shall remain unmarried."

Invoking an equitable maxim, as was done by Judge Alexander in the case of **Wolfe v. Wolfe, 70 Abs 22, 55 O. O. 465,** 124 N. E. 2d 485, wherein he said:

"Since we are by statute restored to our full equity powers and jurisdiction, this case seems to present a peculiarly appropriate occasion for the application of another equitable principle, 'Equity looks to the substance, not to the form'—perhaps for a new style in equitable conversation: 'alimony' into child-support!"

it is obvious that although the monthly payments of $250 are called "alimony" in the contract between the Laws, it was intended that one-half was for alimony and one-half was for child support.

The facts of the Law case and the instant case are so similar the rule laid down in the Law case controls the result in the instant case. Mrs. Law was decreed $250 monthly out of which she was required to support one minor child. Mrs. Miller was decreed $35 weekly, to support herself and one minor child. The Law decree referred to it as "alimony." The Miller decree correctly defines it as alimony and support of a minor child. The rule of Law v. Law has been reaffirmed on two occasions by the Ohio Supreme Court. **Newman v. Newman, 161 Oh St 247, 53 O. O. 135, 118 N. E. 2d 649, Mozden v. Mozden, 162 Oh St 169, 55 O. O. 4, 122 N. E. 2d 295.**

The motion of the plaintiff, Harry A. Miller, is dismissed upon the rule of Tullis v. Tullis and the rule of Law v. Law.

It is recognized that the rule of Tullis v. Tullis, supra, and the rule of Law v. Law, supra, are considered harsh, but they are settled rules of law. The remedy lies either in the realm of the Ohio General Assembly, or by reversal in the Ohio Supreme Court of those rules. In view of the expressions of members of the Supreme Court concerning the Tullis case, it is hoped that the parties in this case will seek review of the within opinion in the higher courts.