Plaintiff Daniel Russell appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, enforcing the separation agreement he entered into with defendant Nancy Russell. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE COURT ERRED IN ENFORCING THE SEPARATION AGREEMENT ENTERED INTO BY THE PARTIES AND IN FINDING THAT THE SEPARATION AGREEMENT WAS FAIR AND EQUITABLE.
The record indicates the parties were married nearly sixteen years, and produced three children, all minors at the time of the divorce. The parties entered into a separation agreement on March 4, 1997, and submitted it to the court with a petition for dissolution. Eventually, appellant filed a complaint for divorce. Appellee counterclaimed and moved to enforce the separation agreement. The trial court held a hearing on the motion to enforce, and took evidence from both parties.
The trial court found the parties had knowingly and voluntarily entered into the separation agreement and there was no evidence of threat, coercion, or duress. The court noted appellant was unrepresented at the time, and waived his rights in that regard. The court conceded the agreement the parties entered into might not have been the best possible one, but found where an agreement is entered into freely, knowingly, and without duress or coercion, then the court should limit its review to a determination of whether the agreement is fair and equitable. The court found given the facts and circumstances of this case, the separation agreement was not unconscionable, but was fair and equitable.
It has long been the rule in Ohio that if the parties voluntarily enter into a separation agreement, the agreement becomes a valid and binding contract between the parties,Tullis v. Tullis (1941), 138 Ohio St. 187. When the separation agreement is submitted to the court, the court examines the agreement. If the court finds the agreement is fair, just and reasonable, it should incorporate the separation agreement into the decree and the terms are then imposed not by contract but by court order, see Wolfe v. Wolfe (1976), 46 Ohio St.2d 399.
In MacNealy v. MacNealy (October 31, 1997), Clark App. No. 96CA125, unreported, the Second District Court of Appeals had occasion to discuss the difference between a settlement agreement and a court-ordered division of property. When the court makes the division, it does so with guidance from R.C.3105.171, and attempts to make a fair and equitable distribution. On the other hand, the parties are free to negotiate a contract which may favor one side or other. Such a separation agreement is enforceable as long as it was not procured by fraud, duress, overreaching, or undue influence. So long as the terms are not so one sided as to be unconscionable, a court should enforce the parties' agreement.
The Supreme Court has directed us to apply the abuse of discretion standard when reviewing a trial court's order entered in a domestic relations case, Booth v. Booth (1989),44 Ohio St.3d 142, 144. The Supreme Court has repeatedly defined the term abuse of discretion as implying ". . . the court's attitude is unreasonable, arbitrary or unconscionable . . ." See, e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219.
Specifically, appellant argues the separation agreement was unfair for five reasons: First, the agreement gave appellee ten years to pay her husband his share of the equity of the marital home, and did not provide for interest on the balance; appellee received the tax exemptions for all three children; the pension information entered on the separation agreement was erroneous; appellant's name remained on the mortgage obligation, which has an impact on his future ability to obtain credit; and appellant was under the impression the terms presented by appellee's attorney were not negotiable.
We have reviewed the testimony, and appellant conceded at the time he signed the separation agreement he was in agreement with it. After he spoke with friends and an attorney, he came to the conclusion he could have obtained a better agreement.
Most troubling, of course, is the allegation the pension information contained in the separation agreement was erroneous. Both parties testified at the hearing the information was inaccurate. However, appellee testified the amount she listed for her deferred compensation and PERS accounts were both over estimated in the separation agreement. Further, the separation agreement provided each party would keep his or her own accounts. We find appellant was not prejudiced by the erroneous information.
We have reviewed the record, and we find appellant did not demonstrate the separation agreement was unconscionable, nor did he show he did not enter into the agreement freely, knowingly, and without duress or coercion. We conclude the trial court did not abuse its discretion in enforcing the separation agreement.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.
---------------------------
---------------------------
 --------------------------- JUDGES