By the Court.
 

 The parties to this action were married in 1907, and lived together until 1913, at which time their child, a daughter, was 16 months old. The wife brought an action for divorce in 1913, charging the husband with extreme cruelty, gross neglect of duty, and adultery. So far as appears by the record, the husband filed no answer in the divorce case. The court granted the decree to the wife on the grounds of extreme cruelty and adultery, and awarded to her the sole custody and care of the minor child, and included in the decree the following:
 

 “It is further ordered that the care, education and control of said child of the parties hereto be, until further order, confided to the said Lulu M. Josh exclusively. And the said Elton F. Josh is hereby enjoined from interfering in any manner with said child, Elinor Josh, except that he shall be entitled to see the said child at reasonable and proper times.
 

 “It is further ordered and adjudged that the defendant pay to the plaintiff for the support of the said child, Elinor Josh, the sum of ten dollars on the fifteenth day of each and every month thereafter,
 
 *152
 
 until the said child shall arrive at majority and until the further order of the court. And in default of any such payment for three days, execution is allowed to issue therefor.”
 

 No error was prosecuted to this judgment by the husband, and the terms of the order of the court as to the payment of $10 per month were complied with by the husband for about 14 years. In 1926, when the child was still less than 16 years of age, the husband was 16 months in arrears in the payments to the wife for the support of the child. He declined to make payment of the amounts in arrears, except upon the condition that, if he paid the full amount, $160, in one payment, he should be given a complete acquittance as against the order of the court to pay until the majority of the child. This was refused by the mother. Thereupon the husband filed a motion in the trial court to modify the order to pay for the care of the child by substituting the words “until the child reaches the age of sixteen years” for the words “until the child shall arrive at majority.” The mother filed a motion in thé trial court to have the father cited for contempt by reason of his refusal to pay. The husband claimed that the decree was erroneous, and that it had been mutually agreed between the parties at the time the decree was entered that the payments were only to run until the child was 16 years of age. The two motions were heard together. The court heard the evidence offered by the father in support of his motion to modify, and upon that evidence found that the evidence was entirely insufficient to justify any change in the order as made by the court, and hence overruled that motion. The motion to cite the
 
 *153
 
 father for contempt in not complying with the order of the court was sustained, and he was found guilty of such contempt, and a fine was imposed by the court, with the condition attached that, if the father at once paid up all amounts for which he was in arrears, the fine should then be remitted, and the sentence to jail, that had been entered to apply in case of nonpayment, should not be carried into execution. Error was prosecuted to the Court of Appeals, and the judgment of the trial court was affirmed.
 

 The claim of the plaintiff in error is that the trial court had no power to enter judgment for support until the child reached her majority, but could only order that the payments should continue until the child was 16 years of age. As stated, the court had fixed the payment to continue until the age of majority, and added thereto the further statement, “until the further order of the court.” ¡ The father urges in this court that the statute penalizing a father for failure to support his minor children under 16 years of age is clear evidence of the intention on the part of the Legislature to limit the liability to support a minor to that age. We cannot sustain this claim. We see no application that this section has to this case. The decisions of courts of this state are numerous to the effect that, where in a case of this character an order is made for the support of minor children, until the further order of the court, the case is one of continuing jurisdiction on the part of the trial court.
 

 There was evidence in the case in consideration of which the trial court might readily have reached the conclusion that it did, that the showing made on behalf of the father for modification of the court’s
 
 *154
 
 entry was wholly insufficient to justify any change in the entry.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.