Kinkade, J.
 

 The parties to this action are the divorced parents of two minor children. Prior to the decree of divorce, which was entered in 1919, the parties had entered into a separation agreement, which settled their property interests and provided that the mother should have the custody, care, and control of the minor children, and that the father should pay to the mother the amounts therein stated, and for the period named in the contract, for the support of the minor children.
 

 The trial court was apprised of the terms of this contract, and, on finding the same reasonable, approved the contract. Each party asked for the decree of divorce. The court granted the divorce to the mother, and awarded to her the custody, care, and control of the minor children, and ordered the father to pay to the mother the amounts named in the separation agreement for the period and at the times therein stated, for the support of the minor children.
 

 In 1926 the mother requested the court to modify the decree by increasing the amounts to be paid for support of the children. This request was denied. In 1929 a like request was made by the mother, and upon hearing, with both parties present in court, this second motion of the mother was granted over the objection of the father, who thereupon moved the court for an order in his favor, modifying the original decree in so far as the same pertained to the custody of the children. This motion of the
 
 *78
 
 father was decided in favor of the mother. The father prosecuted error to the Court of Appeals, which court affirmed the judgment of the trial court.
 

 There was no express reservation in the divorce decree continuing the jurisdiction of the trial court during the minority of the children, or for any other period. The father contends that the omission of such reservation terminated the jurisdiction and power of the court to later modify in any respect the decree so then entered. This presents the sole issue for consideration here. The facts are not in dispute.
 

 The following decisions of this court fully and completely establish that the law of Ohio is that where a decree of divorce makes provision for the custody, care, control, and support of minor children of divorced parents, during their minority, or during a lesser period named in the decree, the jurisdiction of the court in such case is continuing in character for such period, and no express reservation in the decree itself is necessary to support such continuation of jurisdiction:
 
 Hoffman
 
 v.
 
 Hoffman,
 
 15 Ohio St., 427;
 
 Neil
 
 v.
 
 Neil,
 
 38 Ohio St., 558;
 
 Rogers
 
 v.
 
 Rogers,
 
 51 Ohio St., 1, 4, 5, 36 N. E., 310;
 
 In re Crist,
 
 89 Ohio St., 33, 34, 105 N. E., 71;
 
 Addams, Judge,
 
 v.
 
 State, ex rel. Hubbell,
 
 104 Ohio St., 475, 476, 478, 135 N. E., 667;
 
 State, ex rel. Crawford, Exr.,
 
 v.
 
 Industrial Commission,
 
 110 Ohio St., 271, 283, 143 N. E., 574;
 
 Josh
 
 v.
 
 Josh,
 
 120 Ohio St., 151, 153, 165 N. E., 717.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur,