## HECKERT v HECKERT

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 26, 1936

George Edwards, Youngstown, for plaintiff in error.

George M. Cravener, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

At the May term, 1928, of the Court of Common Pleas of Mahoning County, in an action instituted therein by Glenna F. Heckert against Correll G. Heckert for divorce, custody of children and alimony, in which action the defendant was personally served with summons and copy of the petition, and in which action the defendant appeared and filed his answer, the Common Pleas Court adjudged and decreed:.

"That the marriage contract heretofore existing between the plaintiff and said Correll G. Heckert be and the same is hereby dissolved and both parties are released therefrom.

"And it is ordered that the plaintiff have the exclusive custody, care and control of the said child, Donald.

"It is ordered that the child Eloise be placed in a good boarding home under the direction, supervision and control of probation officer, Jane Rosser, with right of reasonable visits to each parent.

"It is further ordered that the said Correll G. Heckert pay the expenses and support of said child, Eloise, and $60 per month alimony for the support of the plaintiff and the child, Donald, all payments to be made at the Youngstown Humane Society, in semi-monthly installments on the 10th and 25th days of each calendar month beginning on May 10, 1928."

It was further ordered and adjudged by the court that the plaintiff, as a part of her alimony herein, be awarded and given the household furniture, save and except the furniture in one room of the home in Youngstown, and it was further ordered and adjudged that the plaintiff be forever barred from all rights of dower in all property now owned or which may be acquired by the defendant, and that the defendant be barred from all rights of dower in any property now owned or which may be acquired by the plaintiff.

At the May term, 1931, of the Common Pleas Court the following judgment, order and decree was entered in said cause:

"This day this cause came on to be heard in the Court of Domestic Relations of Mahoning County, Ohio, on motion made by the defendant, Correll G. Heckert, for the modification of an order by this court heretofore for the support of the plaintiff and minor son of the union.

"The court being fully advised in the premises finds that the former order herein required the defendant, Correll G. Heckert, to pay to plaintiff the sum of $60 monthly for the support of plaintiff and the minor child.

"The court being further advised in the premises finds that the defendant's earning capacity has been very materially reduced by reason of the financial depression.

"It is therefore ordered, adjudged and decreed that the present order herein be reduced to the sum of $45 per month and that the defendant be required to pay $45 monthly for their support and maintenance in lieu of the former order, said payments to commence on the first day of July, 1931, until defendant's income becomes normal."

Error was not prosecuted by the plaintiff from this order modifying the former decree.

At the May term, 1932, of the court, the following was entered upon the journal:

"The above entitled cause coming on this day to be heard on an oral motion to modify as to support of child Eloise, the court sustains this mtiion and order as to support of child Eloise vacated. This cause coming on further to be heard on a rule in contempt and said defendant being in court, the court finds that he is in arrears and defendant is ordered to make up arrears as quickly as possible."

Subsequent to the last entry made by the court in said cause the defendant was brought before the court on several occasions for hearings on contempt charges for disobedience of the former orders of the court, and at the January term, 1934, to-wit, March 28, 1934, the following entry was made upon the court's journal:

"It appearing that at the May term, 1928, of the Court of Common Pleas of Mahoning County, the above named defendant was ordered to pay to the plaintiff, Glenna F. Heckert, alimony in the sum of $60 per month and it also appearing that at the May term of said court, 1931, said alimony payment was reduced to the sum of $45 per month, that the defendant is now in default in the sum of $1160.50 the court finds that there is due from the defendant to the plaintiff the sum of $1160.50.

"It is therefore ordered, adjudged and decreed that the plaintiff, Glenna F. Heckert, recover from the defendant, Correll G. Heckert, judgment in the sum of $1160.50 and her costs herein to be taxed at $....."

Subsequent to the rendition of the judgment in favor of the plaintiff in the sum of $1160.50, plaintiff filed her proceeding in aid of execution, and the court, on April 13, 1934, ordered that the defendant appear and answer concerning his property, and the Erie Railroad Company, employer of the defendant, was enjoined and restrained from disposing of money, property or credits of the defendant in its possession until further order in the premises.

Up to this period in the proceedings no error was prosecuted by the plaintiff from any of the orders, judgments or decrees of the Common Pleas Court.

At the May term, 1934, of the court, as shown by the journal thereof under date of May 26, the following proceedings were had in the Common Pleas Court:

"This cause this day came on to be heard upon the motion of the defendant to vacate the judgment rendered in said cause on the 28th day of March, 1934. On consideration. Said motion is overruled, to which ruling the defendant excepts.

"Also on said day said cause came on for hearing on the motion of the defendant to modify the order for alimony heretofore allowed herein. On consideration said motion is sustained and said order is hereby modified as follows:

"The defendant is ordered to pay $20 per month for support of child, Donald Heckert, until said Donald Heckert is 21 years of age, and shall terminate on said Donald Heckert's twenty-first birthday; the de-

fendant is to pay also $25 per month to be credited on the said judgment until said judgment shall be fully paid and satisfied, when said alimony payments shall cease.

"It is further ordered that out of all the moneys now held on proceedings in aid of execution there shall be paid to the Youngstown Humane Society, $22.50 of each pay, [, which] shall be paid by said society to the plaintiff to apply on order for alimony [,] and the balance to be paid to the defendant, the defendant to pay the costs. Garnishee is released from all orders heretofore made. Plaintiff excepts."

From the last recited judgment of the Common Pleas Court error is prosecuted here by Glenna F. Heckert. On oral argument and in brief the plaintiff in error urges the following grounds for the reversal of the last recited judgment of the Common Pleas Court:

(1) The court erred in modifying its judgment rendered at a previous term of court.

(2) The court erred in ordering the vacation of the judgment for alimony and in terminating the allowance of alimony on the arrival of the twenty-first birthday of the child of the parties.

There being no bill of exceptions filed herein, the sole question to be determined from the pleadings, docket and journal entries of the Common Pleas Court is the right of the Common Pleas Court to modify the decree entered by it at the time the divorce was granted to plaintiff for the aggression of her husband, at which time the court granted the custody of the minor child, Donald, to plaintiff, and ordered the defendant to pay to plaintiff as alimony the sum of $60 per month for the support of plaintiff and her child Donald.

It is noted from the decree, hereinabove quoted, that the Common Pleas Court in its entry upon the journal thereof, did not stipulate, order or direct the period of time for which the $60 per month was to be paid by defendant for the support of plaintiff and her child, Donald, and the Common Pleas Court did not in express language retain jurisdiction to modify its decree.

The evidence upon which the Common Pleas Court based its order of modification of the original decree herein is not before this court, and in the absence of a bill of exceptions we are required to presume that such judgment was based upon sufficient facts, provided, of course, that the Common Pleas Court had jurisdiction to order such modification. No question is raised here other than the question of the jurisdiction of the court to modify its decree subsequent to the term at which the decree was entered. Nor was any proceeding instituted under the provisions of §11631, GC, to modify the decree after term upon any of the grounds specified in that section.

Seemingly, much confusion exists in the decisions of the courts of this state upon the right of the Common Pleas Court to modify a decree for alimony, but we think much of this confusion arises from the failure of the courts to distinguish between actions for alimony alone and actions for divorce and alimony wherein the material relation is terminated by decree of the court and alimony ordered in accordance with the provisions of §§11990, and 11991, GC. We thing it is well settled in Ohio that the jurisdiction of courts in purely alimony cases, wherein no decree of divorce is entered, is continuing, and that the courts have authority, upon a showing of new and changed condition of the parties, to make such modifications of original judgments, decrees or orders rendered therein as may be required by such changed conditions.

At the same time it is also well established that the court may exhaust its jurisdiction in a particular case by the entry of a decree or order which amounts to a full or final disposition of the question of alimony. **Petersine v Thomas, 28 Oh St 596.**

"It must be noted that alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled and that the grounds and desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties and fixes the amount and the mode of payment of any money or property allowance to the wife." **Gilbert v Gilbert, 83 Oh St 265, 94 NE 421, 35 L.R.A. (N.S.) 521,** and **Gilbert v Gilbert, 90 Oh St 417, 108 NE 1121.**

As a general rule where a gross sum has been allowed and there is no reservation, either express or implied in any of

the conditions of the order or decree, which would suggest that the court intended it to be subject to any future revision or modification, and the sum so allowed has been paid, and the decree has in other respects been fully executed, such allowance is recognized as a final adjudication of the rights of the parties and as a complete and exhaustive exercise of the court's jurisdiction in the premises. Clough v Long, 8 Oh Ap 420.

But, in this connection, a reservation of the right to modify an alimony decree may be implied from the fact that the allowance is made payable in installments for the support, not only of the wife, but of the minor child or children of the parties.

It has been long established in Ohio that in a divorce and alimony action wherein a final separation is decreed by the court, and the custody of minor children of the parties awarded, the court has continued jurisdiction to modify its decree and change the custody of such children during their minority. Such continuing jurisdiction has been held necessary for the welfare of the minor children under the unfortunate circumstances wherein the parents are thus permanently separated by the decree of divorce.

In the instant case the court decreed custody of the minor children, and, under the long recognized principle of continuing jurisdiction to change such custody as new and subsequent conditions arise, it necessarily follows, we think, that when the court has so awarded custody of a minor child to the wife under the circumstances in this case, and has at the same time awarded an amount of money payable in installments for the support of the wife, as well as of the minor child whose custody is awarded to her, there is an implied reservation of jurisdiction in the court to modify its decree in that it may not only change the custody of the minor child during minority, but may, during the minority of the child, likewise modify and change the amount to be paid by the husband for its support.

In this case the court did not separate and determine that a portion of the allowance of $60 was for alimony to the wife and another portion thereof for the support of the child, and we, therefore, are not here confronted with the question whether the court reserved jurisdiction to modify a decree for allowance to the wife alone.

In the opinion of the Supreme Court of Ohio in the case of State ex Crawford Exr. v Industrial Commission, 110 Oh St 271, 143 NE 574, the court says, at pages 282 and 283:

"We have carefully looked into the matter of the right of the Court of Common Pleas to exercise continuing jurisdiction over alimony payable in installments, and we find this jurisdiction clearly recognized in a number of well considered cases. Olney v Watts, 43 Oh St 499, 3 NE 354; Smedley v State, 95 Oh St 141, 115 NE 1022. The latter was a per curiam decision and every part of the opinion expresses the views of the full court, and every judge concurred in that decision. On page 143 (115 NE 1022) we find the following:

" 'The decree of divorce and original order of alimony in the case at bar was made in December, 1910. It is well settled that the jurisdiction of a court in an alimony case is continuing'.

"It is true that in other cases decided by this court a continuing jurisdiction has been denied where the judgment was in the nature of a division of property under §11993, GC. It must also be kept clearly in mind that in determining the continuing jurisdiction of the Court of Common Pleas in alimony cases the courts of Ohio without any statutory or constitutional authority therefor have established the rule of continuing jurisdiction as a matter of public policy. It nevertheless has become established as one of the exceptions to the finality of judgments."

In the case of Corbett v Corbett, 123 Oh St 76, 174 NE 10 (approved and followed in Newkirk v Newkirk, 129 Oh St 543, 196 NE 146), the Supreme Court holds as follows:

"1. A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.

"2. The proper practice in securing a modification of such decree with respect to the custody, care or support of such minors, is by motion filed in the original divorce action by the party seeking such modification."

In the opinion in Corbett v Corbett, supra, the Supreme Court cites: "Hoffman v Hoffman, 15 Oh St 427; Neil v Neil, 38 Oh St 558; Rogers v Rogers, 51 Oh St 1, 4, 5, 36 NE 310; In Re Crist, 89 Oh St 33, 105 NE 71; Addams, Judge v State ex Hubbell, 104 Oh St 475, 478, 135 NE 667; State ex Crawford, Exr. v Industrial Commission, 110 Oh St 271, 283, 143 NE 574; Josh v Josh, 120 Oh St 151, 153, 165 NE 717."

It is true that in the case of Corbett v Corbett, supra, the court used the words "during their minority, or during a lesser period named in the decree," and it is conceded that no such words were used by the court in the case under consideration here when making the original decree. It is, however, well recognized that the jurisdiction of the Common Pleas Court to award custody of children is limited to awarding custody of the minor children of the parties, and the continuing jurisdiction of the Common Pleas Court to modify its decree of custody and support can exist no longer than the minority of the child or children of the parties. We think that the decree in question, by necessary implication, reserved jurisdiction in the Common Pleas Court to modify the order made by it, not only for the custody of the minor child, Donald, but also to modify and change the amount to be paid by the father during the minority of the child. It is well recognized that neither father nor mother is required by law to support an adult child. To the same effect is the recent case of **Blake v Blake,** decided June 6, 1935, by the Court of Appeals of the Second District of Ohio, **20 Abs 3.**

Having considered all of the errors assigned and finding no error prejudicial to the rights of the plaintiff in error, and that substantial justice has been done, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

ROBERTS and CARTER, JJ, concur.