Zimmerman, J.,
 

 dissenting. -In my opinion the judgment of the Court of Appeals should be reversed and the cause remanded to the trial court for a hearing and determination on the issues raised by defendant’s motion for modification.
 

 We are not dealing here with an allowance of alimony to the wife alone, but with an award for the support of a minor child. A marked distinction exists between the two. See,17 American Jurisprudence, 531, Section 695, citing
 
 Pretzinger
 
 v.
 
 Pretzinger,
 
 45 Ohio St., 452, 15 N. E., 471, 4 Am. St. Rep., 542.
 

 I still hold to the view expressed in my dissenting opinion in the case of
 
 Tullis
 
 v.
 
 Tullis,
 
 138 Ohio St., 187, at page 200, 34 N. E. (2d), 212, 218, where the following statement appears:
 

 “In this modern day the ‘best interest’ of the child is of primary importance (Section 8033, G-eneral Code), and it has been held by this court that an order or judgment as to the custody or support of minor children is a continuing one, subject to alteration under varying conditions. No reservation, of the power to„ modify, in the original order is necessary.
 
 Neil
 
 v.
 
 Neil,
 
 38 Ohio St., 558;
 
 Rogers
 
 v.
 
 Rogers,
 
 51 Ohio St., 1, 36 N. E., 310. And this is so, regardless of an agreement between the parents judicially approved.
 
 Corbett
 
 v.
 
 Corbett, supra
 
 (123 Ohio St., 76, 174 N. E., 10). From these pronouncements it should logically follow that the proper court has inherent power to modify in
 
 any
 
 just or reasonable manner, a former decree embracing the support of children.”