Hast, J.
The question presented is: Does a court of this state having jurisdiction of the person of a defendant in an original divorce action, wherein the support of minor children is involved, retain such jurisdiction over such defendant after a divorce decree and order for the support of minor children are entered, so as to permit further orders for support to be made against such defendant, even though he is then a nonresident of the state of Ohio, where a copy of a motion, after term, seeking an order to increase child support, and a notice of the time o.f hearing of such motion are mailed to such nonresident defendant at his address in another state, which copy and notice are received by him within ample time?
This court has held that a court in which a decree of divorce is rendered has continuing jurisdiction over matters relating to the custody, care and support of minor children of the *144 parties, and that such continuing jurisdiction is retained regardless of any express reservation in the original decree. In the case of Corbett v. Corbett, 123 Ohio St., 76, 174 N. E., 10, this court specifically held:
“A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction of the court for such period without any express reservation in the decree itself.” See, also, Neil v. Neil, 38 Ohio St., 558; and Rogers v. Rogers, 51 Ohio St., 1, 36 N. E., 310.
This rule has almost universally been adopted by the courts. On this subject, in 2 Nelson on Divorce and Annulment (2 Ed.), 457 and 458, Section 17.22, it is said:
“An application to change or modify alimony or support money is generally regarded as incidental to, and a step in, the original suit * * *. It has been declared that the welfare of minor children is of so much concern to the public that the court probably can, if it sees fit, act on its own motion, whenever it comes to its attention in any manner that the children of divorced parents are in want, to require additional maintenance. ’ ’
And, it was held in the case of Corbett v. Corbett, supra: “The proper practice in securing a modification of such decree with respect to the custody, care or support of such minors, is by motion filed in the original divorce action by the party seeking such modification.”
It is the function of such application or motion to invoke the further action of the court and to advise the court and the opposite party of the conditions relied upon as justifying a modification of the order for support. Under the continuing jurisdiction of the court in such an action, the filing of a motion for a modification of the decree for support is not the institution of a new or original proceeding but of one ancillary and incidental to the original action. No new service of summons on a party is necessary to give the court jurisdiction to make further orders as to minor-child support. The party remains subject to the jurisdiction of the court in that regard, without *145 reference to the place of his residence or further steps to acquire jurisdiction of his person.
The general rule on this subject is stated in 17 American Jurisprudence, 520, Section 686, as follows:
“The absence of parents or children from the territorial jurisdiction of the court does not, according to the general view, affect the court’s power to modify the provisions of its decree respecting the custody of children. This principle is upheld under statutes expressly authorizing the court to modify such a decree as well as in the absence of statute where the court is acting under its inherent powers. The theory of many cases is that a decree of divorce awarding the custody of the children of the divorced parents to a designated party is, so far as the custody of the children is concerned, one of provisional or interlocutory character, subject to modification or change as the welfare of the child may demand, and the proceedings to modify such a decree are, in a sense, ancillary to the suit for divorce in which jurisdiction of the parties has been properly acquired. In such cases, the jurisdiction so acquired will be regarded as furnishing the scintilla of jurisdiction necessary in the subsequent proceeding for the modification of the original decree.” (Italics supplied.)
It remains to be determined what summons or notice must be given to the opposite party of a motion or application to the court to modify its former award for support. At this point, it is to be observed that there is no provision in the statutory law of this state for any method of notice in such cases. The method and sufficiency of such notice are therefore left to the sound discretion of the court.
Effective March 15, 1945, the judges of the Court of Common Pleas of Franklin County, wherein the instant case originated, adopted a rule of court (No. XIX) providing for the service of writs or process by mail pursuant to, in accordance with, and to the extent permitted by Section 11297-1, General Code, and providing that such writs or process shall be enclosed in a sealed envelope bearing first-class postage; that in the upper left-hand corner of such envelope shall be plainly printed the following words, “If not delivered in five days, return to sheriff, Franklin County, Columbus, Ohio ’ ’; and that, *146 if such envelope is returned by the postal authorities as undelivered, it shall be deposited with and filed by the clerk of court, and the return of such envelope so filed shall be deemed a return of “not found.”
As a part of the judgment of the trial court in the instant case, overruling the plaintiff’s motion to quash service of notice of the motion on him, the court found “that the service by mail in this cause complied with Rule XIX of the Court of Common Pleas of Franklin County, Ohio, passed May 15, 1943.”
This court is of the opinion that the service of notice of motion upon the defendant by mail under court order, which notice was in fact received by him, was sufficient to give the court further continuing jurisdiction to consider such motion and to increase the award for the payment of child support.
The Court of Appeals was justified in affirming such order, and the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Bell and Taet, JJ., concur.