DECISION AND JUDGMENT ENTRY
{¶ 1} Diana Burns[2] appeals the judgment of the Athens County Common Pleas Court which granted a modification of visitation to David Arnold, Jr. Ms. Burns contends the trial court erred when it removed a restriction contained in a divorce decree that did not allow David Arnold, Sr. to have visitation with the minor child. Visitation between David Arnold, Sr. and the minor child was not an issue in this case. This court is not aware of, nor been directed to by counsel for Ms. Burns, to any ruling which authorizes visitation between David Arnold, Sr. and the minor child. Because we do not interpret any decision made below as to permit visitation between David Arnold, Sr. and the minor child we find Ms. Burns' assignment of error to have no merit. Further, we find that Ms. Burns was given sufficient notice and a sufficient opportunity to defend against concerns surrounding the presence of David Arnold, Sr. during visitation. Accordingly, we overrule Ms. Burns' assignment of error and affirm the judgment of the trial court.
 {¶ 2} The parties Amy Arnold, nka Burns and David Arnold, Jr., married on August 14, 1998. On or about November 20, 1999, David Arnold, Jr., was severely injured in an automobile accident leaving him totally and permanently disabled. On March 21, 2002, the parties were granted a divorce at which time Amy Burns was designated residential parent and legal custodian to the couples' minor child, Jasmine Nicole Arnold (dob 6-15-99). David Arnold, Jr. was granted visitation rights every other Sunday for a period of two hours at a supervised visitation center in Parkersburg, WV. Also included in the divorce decree was a stipulation that David Arnold, Jr.'s father, David Arnold, Sr., was not to be permitted to visit with Jasmine.[3] At the time of the divorce, David Arnold, Jr., resided in a nursing home due to his disabilities.
 {¶ 3} In March 2003, the Athens County Child Support Enforcement Agency notified the court that an investigation had determined that the support order against David Arnold, Jr. should be re-directed or modified and requested a hearing on this matter.
 {¶ 4} In June 2003, Amy Burns filed a pro se motion seeking to grant Diana Burns temporary legal custodian and residential parent status for Jasmine. The Magistrate conducted a hearing on the motion and filed her report, making the following findings of fact and recommending that: (1) at the present time neither parent is a suitable legal custodian and/or residential parent; (2) Diana Burns has provided for Jasmine in the past and is capable of providing for the child in the future; (3) Bonnie Arnold wants her son to have visitation with Jasmine but is unable to travel to Marietta where visitation was previously established at the Marietta Supervised Visitation Center she would like to have visitation at the Kids First Program in Parkersburg; (4) Diana Burns works evenings with days off being Thursdays and Fridays which are the days she could take Jasmine to a supervised visitation center; (5) Parkersburg Kids First Program does not have monitored visitations during Thursdays and Fridays at this time have no vacancies at any time to provide supervised visitation; (6) Diana Burns is extremely reluctant to allow visitation outside of a supervised setting based on the Arnold family history. Her concerns center around David Arnold, Sr.; (7) Unsupervised visitation would be unwise due to an antagonistic past relationship between Diana Burns and the Arnold family; (8) Since David Arnold, Jr., is a recipient of SSI he cannot be ordered to pay child support, however Amy Burns has a duty to support the child; and (9) The Athens County Child Support Enforcement Agency filed a motion seeking support on March 5, 2003, but has been unable to serve Amy Burns with a copy of the motion and notice of hearing. From these findings the Magistrate recommended that Diana Burns be named the legal custodian and residential parent for Jasmine. Further, that David Arnold, Jr., be granted parenting time with Jasmine for one hour per month as long as it is possible for the parenting time to occur at either the Athens or Marietta supervised visitation centers and that Bonnie Arnold accompany him to these visitations.[4]
 {¶ 5} David Arnold, Jr. filed objections to the Magistrate's report contending that since he had been released from nursing home care he was now in his mothers care, residing in her home and as a result of his disabilities he was unable to leave the home except with great difficulty. He argued that the required supervised visitation is not available at a location reasonably accessible to David Arnold, Jr.'s residence in Parkersburg, WV, at the days and times Diana Burns requested and that the Magistrates modification of his prior visitation is unreasonable and not supported by the facts.
 {¶ 6} Diana Burns filed a lengthy reply to the objections to the Magistrate's report and recommendations. She argued that the reduction in visitation was proper because David Arnold, Jr. has not made any contact with Jasmine for over a year and that supervised visitation is proper because "[i]t is not a safe environment for Jasmine to be in with out [sic] supervision."
 {¶ 7} Ultimately, the trial court adopted the Magistrates findings and recommendations relating to the recommendation that Diana Burns be made legal custodian and residential parent for Jasmine. However, the court left issues of David Arnold, Jr.'s support obligation and visitation arrangements to the hearing on November 19, 2003.[5]
 {¶ 8} On March 19, 2004, the Magistrate held a hearing on the issue of visitation and the following findings of fact and recommendations were made: "David Arnold, Jr. is capable of enjoying the company of a child and capable of interacting with a child, despite his physical impairments. He regularly interacts with his niece, Kimberly, who is younger than Jasmine. Kimberly was present at the initial visitation as a way of making the visit more comfortable for Jasmine. Bonnie Arnold is capable of supervising visitations. However, given David, Jr.'s physical condition, as observed by the Magistrate in the hearing room, it is clear that he needs constant care and attention. Thus, if she is to adequately supervise the child during visitations and also care for David Arnold, Jr., it is the Magistrate's opinion that another adult should be present in the household. As there is no evidence that David Arnold, Sr., has ever abused or attempted to abuse the child, the Magistrate finds no reason [to] exclude him from his own home during visitations so long as Bonnie Arnold is present in the household and the visitations are confined to daytime hours."
 {¶ 9} Further, "[t]o arrange for visitation outside of the home is very difficult for both David Arnold, Jr. and his caretakers, who cannot afford to have a handicapped accessible vehicle. Thus, the only convenient and, therefore, reasonable place to arrange for visitation between father and daughter is in his parents' home."
 {¶ 10} The Magistrate ordered temporary visits between David Arnold, Jr., and Jasmine and subsequently, Diana Burns filed a motion to modify the agreed temporary order regarding visitation.[6] In support of her motion Ms. Burns argued that on two occasions David Arnold, Sr., was present during the visitation and this was in contravention of the final divorce decree which stated that he shall not be permitted to visit with Jasmine. Further, she argued "there is no basis for any belief on the part of the Arnold household that the restriction on the presence of David Arnold, Sr., was altered or changed when the agreed order was filed." Ms. Burns contended that the statement in the temporary visitation order "[a]ll other orders shall remain in full force and effect" gave precedence to the divorce decree which did not allow David Arnold, Sr. to be permitted to visit with Jasmine.[7] The court granted the day change.
 {¶ 11} Diana Burns filed objections to the Magistrate's proposed decision relating to the hearing regarding visitation and objected to the parts of the proposed decision that related to the divorce decree's stipulation that prohibited David Arnold, Sr., from visiting with Jasmine. David Arnold Jr. filed a response to the objections. However, the court overruled Ms. Burn's objections and issued orders consistent with the recommendations included in the Magistrate's Proposed Decision. As a result of the court's decision, Diana Burns appealed and cited the following assignment of error:
 {¶ 12} "THE TRIAL COURT ERRED IN ELIMINATING FROM THE FINAL DIVORCE DECREE AN ORDER PROHIBITING VISITS BETWEEN THE PARTIES' MINOR CHILD AND HER PATERNAL GRANDFATHER."
 {¶ 13} Under her only assignment of error, Diana Burns contends; (1) the trial court did not make a de novo determination of the facts and did not make an independent analysis of the issues; (2) David Arnold, Jr., never asked that the prohibition against visits between Jasmine and David Arnold, Sr., be eliminated; (3) David Arnold, Jr., does not have standing to seek visitation between Jasmine and David Arnold, Sr.; and (4) the Magistrate exceeded the scope of the trial court's remand order.
 {¶ 14} In his brief, David Arnold, Jr., contends the trial court did not err when it permitted visitation to occur at a place other than a supervised visitation center and contends the evidence submitted supports the trial court's decision that visitation at a supervised center presents a considerable barrier to visitation by David Arnold, Jr., because of the difficulties in transporting him to such a center. Additionally, David Arnold, Jr., contends that the trial court retains the power to modify its order of visitation in a divorce decree.
 {¶ 15} The court below, having been the original forum which entered the divorce decree between the parties and awarded custody of Jasmine to Amy Burns, retains continuing jurisdiction over the matter. As the Supreme Court of Ohio stated in In re Poling, 64 Ohio St.3d 211, 215,1992-Ohio-144, 594 N.E.2d 589, "[t]he court in which a decree of divorce is originally rendered retains continuing jurisdiction over maters relating to the custody, care, and support of the minor children of the parties." Id.; citing Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2,406 N.E.2d 1093; see also Hoffman v. Hoffman (1864), 15 Ohio St. 427, 1864 WL 51; Corbett v. Corbett (1930), 123 Ohio St. 76, 174 N.E. 10;Van Divort v. Van Divort (1956), 165 Ohio St. 141, 134 N.E.2d 715; see Civ. R. 75(J) (expressly provides for the continuing jurisdiction of the court in divorce actions).
 {¶ 16} When considering whether to modify a parent's visitation rights the court must determine whether the change is in the best interest of the child. Braatz v. Braatz, 85 Ohio St. 39-40, 45, 1999-Ohio-203,706 N.E.2d 1218; Beadle v. Beadle, Scioto County App. No. 03CA2911, 2004-Ohio-1400. It is well settled that a trial court is given broad discretion in determining parental custody rights. Hill v. Hill (July 24, 1999), Pickaway App. No. 94CA22, 1995 WL 432616. Discretion must be given to the trial court to do what is equitable based upon the facts and circumstances of each case. Id.; citing Booth v. Booth (1989),44 Ohio St.3d 142, 142 N.E.2d 1028; Cherry v. Cherry (1981),66 Ohio St.2d 348, 355, 421 N.E.2d 1293.
 {¶ 17} A trial court's custody determination will not be disturbed unless it involves an abuse of discretion. Hill, supra; Bechtol v.Bechtol, 49 Ohio St.3d at 23; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Hill, supra;Blakemore. When applying the abuse of discretion standard, an appellate court must not substitute its judgment for that of the trial court. Id. Rather, the appellate court must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. Id.; Bechtol v. Bechtol, supra; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
 {¶ 18} Ms. Burns requested that visitation take place in a supervised setting and David Arnold, Jr., requested that visitation take place in an unsupervised location, due to hardships experienced by him in getting there. The most convenient place would be visitation where he lives which is at his parent's house where David Arnold, Sr., lives.
 {¶ 19} Ms. Burns' contends that while modifying David Arnold, Jr.'s visitation schedule, the court erred when it removed a restriction that had originally been placed in a divorce decree that did not allow David Arnold, Sr., to have visitation with Jasmine. She argues that the issue of the removal of the restriction was not properly before the court. Specifically, she argues that neither party requested that the restriction be removed as to allow David Arnold, Sr. to have visitation with Jasmine. Further, that, "[t]he pleadings prior to the hearing did not notify [Ms. Burns] that the restriction would be removed and [Ms. Burns'] rights under the civil rules to notice and her right to due process were violated."
 {¶ 20} However, after reviewing the record we find that due to the unique circumstances in this case, implicit in the inquiry into an appropriate visitation schedule was the location and the presence of others during the scheduled visitation. Further, because of conditions applicable to David Arnold, Jr.'s visitation, the court was permitted to address the issue of David Arnold, Sr.'s presence in the home.
 {¶ 21} David Arnold, Jr.'s visitation rights are dependent on where the visitation takes place. The scope of David Arnold, Jr.'s visitation rights were before the court, not David Arnold, Sr.'s visitation rights. Visitation between David Arnold Sr. and Jasmine was not an issue in this case. This court is not aware of, nor been directed to by counsel for appellant, to any ruling which authorizes visitation between David Arnold Sr. and Jasmine. Because we do not interpret any decision made below as to permit visitation between David Arnold Sr. and Jasmine, Ms. Burns errs in addressing this as an issue of David Arnold, Sr.'s visitation rights. This, it is not.
 {¶ 22} David Arnold, Jr., is disabled and must be cared for by others, he is confined to a wheelchair and can only communicate by means of a keyboard with a speech translation device. Since he has been removed from nursing home care, he has resided with his parents where they have taken care of him.
 {¶ 23} Ms. Burns contends that David Arnold, Jr.'s failure to file a motion requesting the removal of the prohibition, precluded the court from hearing the issue. She cites to Civ. R. 7(B)(1) which provides: "(1) An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion." Also, she contends that because David Arnold, Jr., never made an oral motion or filed a written motion seeking the elimination of the prohibition of visits between Jasmine and David Arnold, Jr. she was never notified that David Arnold, Jr., was seeking the removal of the restriction. Thus, she argues that this was a violation of her right to due process.
 {¶ 24} The flaw in Ms. Burns' argument again is that there was no decision made below which permitted visitation between David Arnold Sr. and Jasmine. Based on events which occurred throughout this case, it is obvious that Ms. Burns was given sufficient notice and a sufficient opportunity to defend against concerns surrounding the presence of David Arnold, Sr. during visitation.
 {¶ 25} Given the facts and circumstances in this case we conclude that the trial court did not abuse its discretion in modifying visitation. The modification is not only reasonable but is necessary to facilitate David Arnold, Jr's visitation with his daughter. A noncustodial parent's visitation right is a natural right. Smith v. Smith (Jan. 27, 1988), Pike County App. No. 397, 1988 WL 6558; see also, Pettry v. Pettry (1984),20 Ohio App.3d 350, 486 N.E.2d 213. This Court has noted that: "[T]he need of a child for visitation with a separated parent is a natural right of the child and is as worthy of protection as is the parent's right of visitation with the child. Thus, the failure, without just cause, of a divorced or separated parent having custody of a child to accord visitation rights to the other parent is not only an infringement of the child's right to receive the love, affection, training and companionship of the parent." Smith, Pike County. App. No. 397 at *5; citing Porter v.Porter (1971), 25 Ohio St.2d 123, 267 N.E.2d 299.
 {¶ 26} Incidentally, we disagree with Ms. Burns' contention that the Magistrate exceeded the scope of the courts remand order when it remanded "the issue of visitation for Defendant David Ray Arnold, Jr. to be considered also at the hearing on November 19, 2003." Ms. Burns contends that: (1) the trial court did not include in its remand order any instructions any reference to David Arnold Sr.; (2) the only issue on review was consideration of the time for visits for David Arnold, Jr., and whether they would be supervised; (3) the location and time for visits was the only issues [David Arnold, Jr.] objected to; (4) a new issue was inserted into the proceeding in the middle of the hearing on remand; (5) the Magistrate's view of the prohibition was that it was a condition of David Arnold, Jr's., visitation; and (6) the prohibition of visits between Jasmine and David Arnold, Sr., did not put any conditions on David Arnold, Jr.'s visitation rights and that visits with David Arnold, Jr., and David Arnold, Sr., are separate, distinct and independent issues.
 {¶ 27} We find that the Magistrate did not exceed the scope of the review to be conducted on remand. Implicit in the inquiry into David Arnold, Jr.'s visitation rights was the presence of others during the scheduled visitation. This was a continuing issue. In compliance with the court's remand order, the Magistrate considered David Arnold, Jr.'s visitation rights and not those of David Arnold Sr. There are no orders permitting visitation between David Arnold Sr. and Jasmine as also there is no order eliminating the prohibition in the divorce decree. Thus, Ms. Burns' argument is without merit.
 {¶ 28} Ms. Burns also contends that the trial court did not make an independent analysis of the issues presented in light of Ms. Burns' objections to the Magistrates report. Ms. Burns' argues that "[i]t is clear from the trial court's decision that it did not specifically address any of the objections as to factual conclusions reached by the Magistrate. The trial court merely adopted the rationale offered by the Magistrate and made it the final decision of the court. The trial court did not make a de novo determination of the facts and it did not make an independent analysis of the issues."
 {¶ 29} Ms. Burns filed ten objections to the Magistrates decision stating: "[t]he objections involve the authority of the Magistrate to recommend relief: 1) that goes beyond the scope of this Court's instructions on remand; 2) that is granted on behalf of a party who lacks the standing to request the relief; and 3) that was never requested by any party and for which Defendant Diana Lynn Burns had no prior notice. We also object to certain findings, characterizations and conclusions made by the Magistrate in the proposed decision. In addition, our objections are: 1. To the part of the recommended finding number 3 stating that Ms. Burns acknowledged the right of the Court to change the agreed upon visitation arrangements; 2. To the part of recommended finding number 4 stating that David Ray Arnold, Jr. is cared for by both his parents; 3. To the part of recommended finding number 5 that states the temporary visitation arrangements as understood by the Magistrate; 4. To the part of recommended finding number 8 stating that Amy Burns' accusations against David Ray Arnold, Sr., caused significant inter-family conflict; 5. To that part of recommended finding number 10 that refer to attempts by the Magistrate to make arrangements through a supervised visitation center in Marietta or Parkersburg; 6. To that part of recommended finding number 11 that states that Bonnie Arnold must have another adult present in the household during visits to be able to care for David Ray Arnold, Jr. and that there is no reason to have David Ray Arnold, Sr. excluded from the household while visits occur; 7. To that part of the conclusions of law that states that the Magistrate has the authority to review the order prohibiting visits between Jasmine and David Ray Arnold, Sr., that the pleadings up to that point put the parties on notice that this was an issue to be addressed and that judicial economy supports the result; 8. To that part of the conclusions of law that states the Court does not have the authority to order David Ray Sr. out of his home; 9. To that part of the conclusions of law that states that the prior-civil protection order arose from inter-family disagreements associated with the post-accident stress and; 10. To that part of the conclusions of law that states that the only reasonable place for visitation is the Arnold home with David Ray Arnold, Sr. present."
 {¶ 30} Essentially, Ms. Burns argues that the trial court failed to conduct an adequate review of the Magistrate's decision and failed to issue its own independent judgment. We disagree. In the case sub judice, the Magistrate prepared an in depth decision regarding custody, visitation and other issues. The report contained adequate facts to aid the trial court in independently determining the best interests of the child.
 {¶ 31} Civ. R. 53(E) requires the trial court to conduct an independent analysis of the issues considered by the Magistrate. Mahlerwein v.Mahlerwein, Hocking County App. No. 04CA15, 2005-Ohio-1835. Therefore, the trial court must conduct a de novo review of the decisions considered in the Magistrate's report. Inman v. Inman (1995), 101 Ohio App.3d 115,118, 655 N.E.2d 199. Ordinarily, it is presumed that the trial court performed an independent analysis in reviewing the magistrate's decision. See Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, 615 N.E.2d 617
(presumption of regularity in the proceedings below). Accordingly, the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its Civ. R. 53(E) duty of independent analysis. Inman, 101 Ohio App.3d at 119, 655 N.E.2d 199; see, also,Hartt, 67 Ohio St.3d at 7.
 {¶ 32} Ms. Burns argues that no factual findings were made by the trial court in connection with [Ms. Burns'] objections. A review of the record indicates that the trial court reduced Ms. Burns' objections to one objection which related to the disagreement with the Magistrate about allowing visitation with David Arnold, Jr., at any place other that a supervised setting, and permitting David Arnold, Sr., to be present for visits. The trial court found that: (1) "the rationale advanced by the Magistrate and supported by the Response to Objections filed by David Arnold, Jr.'s counsel is well-reasoned and ADOPTS it to the extent that visitation as the Magistrate is recommending will be ordered hereinafter. The guardian ad litem's report and testimony weight heavily with the Court; just as they apparently did with the Magistrate."; (2) Since David Ray Arnold, Sr., is not before the Court as a party, it has no authority to order him not to be present for any visitation.; and (3) David Arnold, Jr., did not object to the change of custody but did object to the change in visitation.
 {¶ 33} As discussed infra, Civ. R. 53(E) allows the trial court to adopt the Magistrate's decision if the court completely agree with it. In the case sub judice, the Magistrate prepared an in-depth decision regarding custody, visitation and other issues. The report contained adequate facts to aid the trial court in independently determining the best interest of the child.
 {¶ 34} Therefore, we conclude that Appellant's sole assignment of error is meritless. Thus, the trial court's decision is affirmed.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees' recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment Only.
[2] Diana Burns was joined as a third party in this matter because the minor child was in her custody.
[3] The divorce decree's order stated: "The Defendant's father, David Ray Arnold, Sr., shall not be permitted to visit with the minor child, but the Defendant shall be entitled to have other family members present to assist the Defendant, who is disabled."
[4] This was a reduction in David Arnold, Jr.'s visitation. The trial court was not provided a transcript of the hearing. Accordingly, our file does not contain a transcript of the hearing.
[5] The court also stated: "[David Arnold, Jr.] is put on notice that if he wishes to see the visitation order modified it will be necessary for him to personally appear and provide evidence contra to the evidence [Diana Burns] provides through her reply. More specifically, he must present evidence to show he is physically, medically, and mentally able to participate in, benefit from, and provide some benefit to Jasmine by his visitation, and that some arrangement other than the arrangement the Magistrate has developed is more practicable. He may also want to be prepared to address some of the issues about his background and suitability to interact with a young daughter. Otherwise, he can expect the Magistrate's initial decision will be upheld by the Court or another decision even less favorable to him might be the result." Additionally, to aid in the Magistrate's recommendation regarding visitation the court appointed a Guardian Ad Litem.
[6] The Magistrate's Temporary Order stated: "Upon the oral motion of counsel for Defendant Diana Lynn Burns and by agreement of parties, it is hereby ordered that visits between David Ray Arnold, Jr., and Jasmine Arnole [sic] shall take place on each Saturday for two (2) hours, beginning with Saturday, March 20, 2004. The parties shall agree to the specific starting and ending times and may modify the day upon which visits may occur by mutual consent. All other orders shall remain in full force and effect."
[7] She also requested a day change. She does not specifically request that the court order David Arnold, Sr., no be present in the home but relies on it in when establishing conflicts that have arisen between the parties during visitation. Specifically, the ask just for a change of the day for visits.